NEW-YORK,
May, 1819.

SHAVER
v.
EHLE.

Judgment for the defendant.

Shaver *against* Ehle.

IN ERROR, on *certiorari* to a Justice's Court.

The defendant in error, brought an action in the Court below, against the plaintiff in error, upon a promissory note, payable to *Holmes*, or bearer, executed by the plaintiff in error, to which there was a subscribing witness. At the trial, the subscribing witness was not produced, but the plaintiff below proved by one *Loucks*, who had formerly owned the note, that while he owned it, the witness applied to the defendant for payment, but did not show him the note, nor did he state the amount or date of it, but the defendant answered that he had given a note to *Holmes*, and said, that he would pay it at a future day. The witness also stated, that he had sold the note to the plaintiff below, for a valuable consideration, but to be collected at the risk of the plaintiff. An objection was made to the witness, on the ground that he was interested and incompetent, but the Justice overruled the objection, and on his evidence alone, rendered judgment for the plaintiff below.

Where the holder of a note, payable to bearer, transfers it to another person for a valuable consideration, under an agreement that the person, to whom it is transferred, shall collect it at his own risk, he is not a competent witness for the plaintiff, in an action upon the note, as he is only discharged from the risk of the maker's solvency, but is still responsible, if the note should prove to be a forgery.

*Per Curiam.* According to the decision of this Court in the case of *Herrick* v. *Whitney*, (15 *Johns. Rep.* 240.)

Where a person calls on the maker of a note payable to A. or bearer, to which there is a subscribing witness, and demands payment, but neither shows him the note, nor mentions the amount or date of it, and knowledges that he had given a note to A., and that he would pay it at a future day, this is not a sufficient admission of the execution of the note, to supersede the necessity of proving it by the subscribing witness.

*Loucks* was an incompetent witness to prove the making of the note. Although he sold it upon condition that it was to be collected at the risk of the plaintiff below, that means the risk of the defendant's solvency, not the risk of the note being a forgery. But independent of this objection, the evidence was not sufficient to warrant a recovery. The witness spoke to the defendant about a note which the defendant had given to *Holmes, or bearer,* without mentioning date or sum, and the defendant acknowledged, that he had given a note to *Holmes.* No note was produced, and shown by the witness to the defendant, and the identity of the note to which the defendant's confession related, is not proved with reasonable certainty. Although from the defendant's confession, it appears, that there was a genuine note from him to *Holmes,* or bearer, in existence somewhere, *non constat,* but that the note produced on the trial was a forgery; and if so, the maker will have to pay the genuine note, notwithstanding the recovery against him in this suit. The relaxation, in respect of negotiable paper, of the rule requiring the production of the subscribing witness, (a) would be very unsafe, unless great strictness and certainty were required, in the secondary proof. On both these grounds, therefore, the judgment ought to be reversed.

Judgment reversed.

(a) Vide *Hall* v. *Phelps,* 2 *Johns. Rep.* 451.