PALMER *vs.* MANNING.

The evidence to prove the making of a promissory note, purporting to be signed by the defendant and payable to the bearer, was that the plaintiff's agent called on the defendant with the alleged note in his pocket, but which he did not exhibit, and told him he had a note for that amount against him, which he wanted the payment of for the plaintiff; and the defendant said he had given such a note and would pay it if the plaintiff would make a small deduction and indulge him as to time; *held*, that the note produced on the trial was not identified with that to which the admission referred, and that the proof· was insufficient.

ERROR to the common pleas of Orleans county. Palmer sued Manning in a justice's court on the 26th November, 1845, on a promissory note. *Non-assumpsit* was pleaded; and on the trial the plaintiff produced a note purporting to have been signed by the defendant, dated June 4th, 1843, for the payment of $20, with use, to the bearer, on the first day of October, 1844. There was an endorsement signed by the plaintiff's agent on the back of the note, stating that it was given for one of the plaintiff's fanning mills, and was to be void if the mill should not prove to be a good one; and that the mill, in that event, was to be returned by the middle of October. To prove the making of the note, the plaintiff called one Paul as a witness, who testified that in October or November, 1844, shortly after the note became due, he, the witness, was making collections for the plaintiff, and called upon the defendant and informed him that he had a note against him for $20, given to the plaintiff, and that he, the witness, had called on him to get the pay on it; that the defendant said he had given such a note, but he thought he ought not to pay quite the whole of it; that he would pay $18 or $20 of it another year, if the plaintiff would wait until that time. The witness replied that he could not make such an arrangement, but would let the plaintiff know what the defendant had said, and intimated that the plaintiff would probably sue him. The witness said he had the note with him, but did not recollect that he took it out of

Palmer *v.* Manning.

his pocket. The justice admitted the note in evidence, and when the plaintiff had rested, the defendant moved for a non-suit, on the ground, among others, that the note had not been proved. The justice denied the motion, and finally rendered judgment for the plaintiff for the amount of the note, which judgment was reversed by the common pleas on *certiorari.* This writ of error was brought to reverse that judgment.

. *Curtis & Stone,* for the plaintiff in error, maintained that the note was sufficiently proved.

*Church & Davis,* for the defendant in error, to show that the proof was insufficient, cited *Cowen & Hill's Notes,* 1263, 1265; *Shaver* v. *Ehle,* (16 *John.* 201.)

*By the Court,* JEWETT, J. The execution of the note by the defendant, upon which the plaintiff recovered, was not proved.

It is claimed to have been proved by the defendant's admission made to the witness Paul. Conceding that this admission sufficiently established that there was a genuine note in existence, executed by the defendant, payable to *bearer,* for $20, belonging to the plaintiff, *non constat,* but that the note produced on the trial was spurious; and if so, a recovery on it would not avail the defendant in a suit on the true note. The identity of the note to which the confession of the defendant related is not proved; the evidence does not tend to show that the defendant admitted that he executed the note produced on the trial. Evidence that the defendant had executed *a* note answering the description of the note produced, without other proof of identity, is not sufficient to submit to a jury to pass upon the question whether the defendant executed the note produced. (*Shaver* v. *Ehle,* 16 *John.* 201.) The point was expressly raised on the motion for a nonsuit, that there was no sufficient evidence of the making of the note.

Judgment affirmed.