## PENTZ *vs.* WINTERBOTTOM.

In an action on a promissory note by an endorsee against the maker, the plaintiff proved that the endorsement of the payee was genuine, and that the defendant had been shown a copy of the note and had admitted having signed such a note; *held* that the proof of the endorsement identified the note offered in evidence, with that to which the admission related, and that the defendant's signature was sufficiently proved. WHITTLESEY. J. *dissented.*

In an action by an endorsee against the maker of a note purporting to be endorsed in blank by the payee and by several others, the plaintiff will sufficiently show his title to the note by proving the endorsement by the payee, without giving any evidence respecting the genuineness of the subsequent endorsements.

ASSUMPSIT on a promissory note by an endorsee against the maker, tried at the New-York circuit in October, 1844, before KENT, late Cir. J. The note purported to be made by the defendant, payable to the order of Charles L. Denman, and to be endorsed by him and by three other persons. One Hescocks, a witness for the plaintiff, testified that he called on the defendant with a *copy* of this note, before the plaintiff had discounted it, and that the defendant said it was all right—he had signed such a note and it would be paid; that the witness had not the original note then with him. The witness said he had presented the note to Denman, the payee, who acknowledged the endorsement of his name to be in his hand-writing. Some evidence was given as to the genuineness of the hand-writing of the last two endorsers, but none as to that of the second endorser whose name was Workman. When the note was offered in evidence, the defendant objected 1. That his [the defendant's] hand-writing had not been proved; 2. That the hand-writing of Workman had not been proved. The objections were overruled and the note was read in evidence, and the plaintiff ultimately had a verdict, which the defendant moved to set aside on a bill of exceptions.

*G. R. J. Bowdoin,* for the defendant.

*M. T. Reynolds,* for the plaintiff.

*By the Court*, BEARDSLEY, Ch. J. This action is agair s⁴ the defendant as maker of a promissory note payable to the order of Charles Lewis Denman, and on the trial such a note was produced by the plaintiff. It was endorsed Charles L. Denman, and no question as to the genuineness of this endorsement having been made on the trial, it must be taken as admitted. But when the plaintiff rested the case, it was objected that the signature of the defendant had not been proved, and this is the first point to be considered.

The only evidence of the defendant's signature was that given by the witness Hescocks. He stated that he called on the defendant with a copy of this note, not having the original with him: that the defendant said he had signed such a note: that it was all right and would be paid. It may be inferred, although not stated in terms by the witness, that the defendant saw the copy of the note spoken of, and consequently was apprized of the date, amount and time of payment of the alleged original, and that it was payable to the order of said Denman. This admission, as stated by the witness, was of itself very strong eviden e that a note corresponding in the particulars with the one produced on the trial, had been signed by the defendant, but was very little, if indeed any, evidence of the genuineness of the paper produced and sought to be established at the trial. Notwithstanding the correspondence in these respects between the two papers, it might still be said, as was remarked by this court in a similar case, " *non constat*, but that the note produced on the trial was a forgery ; and if so, the maker will have to pay the genuine note, notwithstanding the recovery against him in this suit." (*Shaver* v. *Ehle*, 16 *John*. 201.) There is a fact however, in the case at bar, which did not exist in the one just referred to, for it must be taken that the note now in question was endorsed by Denman, to whose order it was made payable by the maker. And this seems to me an important fact on the point of identity. The defendant's admission was that he had signed a note agreeing in date, amount and time of payment with the copy shown to him, and which was payable to the order of Denman. It does not appear

Pentz *v.* Winterbottom.

that the names endorsed on the note were copied by the witness, Hescocks, and shown by him to the defendant; but as it was payable to the order of Denman, the defendant, in what he said to this witness, must be understood as speaking of a note which Denman had endorsed as well as one he had himself signed. It cannot be pretended that the witness was then acting as agent for Denman, or that he was understood by the defendant to be such agent. In saying that the note was all right, he had signed such an one and it would be paid, the defendant must therefore be understood to have spoken of a note endorsed by Denman, as well as one signed by himself. The note produced on the trial bears the true endorsement of Denman, and in all respects corresponds with the copy shown by the witness to the defendant. The genuineness of this paper, as to the endorser Denman, being established, this, as I think, goes far to show that it is the identical note to which the defendant referred in his admission to the witness, although, without this link in the evidence, I should have held that the making of this particular note by the defendant was not proved by that admission.

The case of *Holt* v. *Squire* (*Ry. & Moo.* 282,) cited on the argument, does not warrant the general position that an admission made by a party that he had signed a note, in all respects like a copy shown to him at the time, is, of itself, evidence of the due execution of the paper from which the copy was taken. In that case the admission was made in writing by the attorney for the defendant in the progress of the cause, in all which respects it is distinguishable from the case at bar. *Holt* v. *Squire* is an authority for a case where the attorney of the party has stipulated that the note in suit is genuine; (1 *Greenl. Ev.* § 186 *to* 134; 1 *Phil. Ev.* 105;) but it is not an authority for the case now before the court. A similar remark is applicable to the case of *Dale* v. *Lubbach* decided by the court of king's bench, Trin. term, 2 Geo. 2. I have not been able to consult the original report of this case in 1 *Barnard, B. R.* 199; but it is thus stated in *Bacon's Abridgment :* "Where a letter was produced under the defendant's hand in which he wrote to

a friend that he had received a bill of exchange from the drawer on the acceptor, bearing date such a day, and payable to him or order six months after date, and in all these circumstances the bill agreed with the letter, this was thought sufficient evidence that the defendant had had the bill in question in his possession; and to show that he had endorsed it over it was proved that he had said he had come to town to hasten the trial of a cause brought against him on an endorsement he had made on a bill of exchange, and that in fact he had brought down this very cause by proviso." (5 *Bac. Abr. 7th Lond. ed. p.* 583, *Bills of Exchange, M. See also Chitty on Bills,* 10th *Am. ed. p.* 636; *Vin. Abr. Bills of Exchange* (*P.*) *pl.* 13, 14; 1 *Steph. N. P.* 785.)

I know of no case which holds that the mere admission of a party that he had signed a note of a given date, amount, &c. has been taken as sufficient evidence of the due execution of any paper whatever, although corresponding in these respects with such admission. The case of *Shaver* v. *Ehle*, already referred to, stands opposed to such a position, and rests on the solid reason that there is nothing to connect the admission made with the particular paper offered in evidence.(*a*) But in the case at bar the endorsement of Denman, the genuineness of which is not denied, shows that the admission made had reference to this identical note, and was therefore sufficient evidence of its due execution by the defendant.

As the cause on trial was against the maker of the note alone, it was unnecessary to prove either of the endorsements except that of Denman to whose order it was payable. His endorsement was not denied, and the plaintiff was at liberty to disregard the others and make title to the note directly from the first endorser.(*b*) It is to be inferred from the case as presented, that the note was received in evidence on this principle, for we cannot assume that the judge allowed an endorsement to be read to the jury, after objection made, and of which, as

---

(*a*) See also *Palmer* v. *Manning*, (4 *Denio*, 131.)

(*b*) See *The Watervliet Bank* v. *White*, (1 *Denio*, 608.)

ın the instance of Workman, no evidence whatever had been given. No ground is shown for interfering with the verdict, and a new trial should be denied.

WHITTLESEY, J. *dissenting.* I concur in the opinion of the chief justice, except that I think the proof of the execution of the note by the maker was not sufficient to authorize it to be read in evidence; for which reason I think a new trial should be granted.

New trial denied.(a)

(a) See *Van Alen* v. *Bliven,* (4 *Denio,* 455.)