## HILBORN *v.* ALFORD.

THE execution of a promissory note, signed with an ⋈ or mark, may be proved by evidence of admissions of the alleged signer, in the absence of any attesting witness.

APPEAL from the Seventh Judicial District.

The note sued on was signed with the names " Thompson & White," and underneath their joint names was written the name of L. Alford, with a cross between the initial L. and the surname, with the word " mark " written beneath the cross. There was no attesting witness to the alleged signature of Alford. The plaintiff and two other witnesses testified to conversations had with respondent, Alford, subsequent to the date of the note in which he recognized his liability to pay it, and urged plaintiff to relieve him (Alford) by collecting it from Thompson & White.

Alford himself testified, that he did not put his mark to the note or authorize it to be done. There was no proof of the execution, except the admission of Alford.

*John Currey*, for Appellant.

In Parson's Treatise on Promissory Notes and Bills of Exchange, the learned author says : " The signature by mark is admitted from necessity ; but we think it should be declared and attested at the time, in writing, as the mark of the maker, although it may not be quite certain that the law requires this." (1 Parsons on Prom. Notes and Bills, 23 ; 2 Id. 16.)

Judge Story says the signature of the maker of a promissory note " must be in the handwriting of the party executing it, or if it be by the mark of the maker, that mark must be verified by the handwriting or attestation of some person, " who acts for the marksman, or attests it at his request." (Story on Prom. Notes, Sec. 11.)

In Edwards on Bills of Exchange and Promissory Notes, page 150, it is said, a person may " execute an instrument and bind himself as effectually by his initials as by writing his name in full. And he may use figures as a mark in lieu of his proper name," and

at page 251, the same auther says, " When the payee's name is written in full in the body of the instrument, it is held that he may transfer it by making his mark or writing his initials on the back, provided it is shown that they were used as a substitute for his name."

Though it were conceded that an attesting witness to the execution of a note by the mark of the maker, is not indispensable to the proof of it, yet it may be said on high authority that a note so executed should be attested by a subscribing witness, and is usually so attested ; and that the want of a subscribing witness in such a case, properly subjects it to suspicion and rigid scrutiny.  (1 Parsons on Notes and Bills, 23.)

None of the cases cited by Mr. Parsons and Mr. Edwards, showing that a note or bill signed or indorsed by a mark or other sign, may be proved where there is no subscribing witness, go so far as to dispense with proof that the party charged executed the note or bill, on which the action was brought.

*Whitman & Wells,* for Respondent.

The admissions of defendant, Alvord, were competent evidence to show the execution of the note.  (*Hall* v. *Phelps,* 2 Johns. 450 ; 2 Parsons on Bills, 477 ; 3 Phillips on Ev. 6th Am. Ed. 10.)

A part payment, or promise to pay, or asking time, dispenses with the necessity of proving the execution of a note.  (3 Phil. Ev. 6th Am. Ed. 10, and Note 40 ; 2 Parsons on Bills, 479, 486 ; Chitty on Bills, 9th Am. Ed. 626.)

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action upon a promissory note, executed by Thompson & White, and purporting to be executed by the appellant by his mark.  The defendant, Alford, denied under oath the execution of the note by him, and that was the only issue.  The case was tried by the Court, a jury being waived, who found for the plaintiff, and the defendant, Alford, appeals from the judgment rendered thereon, and from an order refusing a new trial.

The only error assigned is that the finding of the Court is against the law and evidence; that the evidence is insufficient, considering its character and all the circumstances, to prove the execution of the note by the defendant. We have carefully examined the evidence and are satisfied that it is sufficient to prove the fact in issue. It is true there was no attesting witness to the signature, but that is not indispensable. The execution may be proved by competent testimony in the absence of an attesting witness. (*George v. Surrey*, 1 Moody & Malkin, 516.) And even when there is a subscribing witness to a promissory note, it has been held that the admissions of the party of the execution of the note is as high proof as that derived from a subscribing witness. (*Hall v. Phelps*, 2 Johns. 451; *Mauri v. Hefferman*, 13 Id. 75.) So it is held that the declarations of the maker of a note may be resorted to, to prove the execution of the instrument, whenever proof of his handwriting can be resorted to. (2 Phil. Ev., C. H. & E.'s Notes, 441.) The proof in this case consists entirely of the admissions of the defendant made to the plaintiff and two other witnesses, and we deem them sufficient to sustain the findings of the Court.

The judgment is therefore affirmed.