SMITH v. WITTON, *Executor of Callis, Appellant.*

**Promissory Note**: PROOF OF EXECUTION: ADMISSIONS. The execution of a note not in the handwriting of the party sought to be charged may be shown to have been authorized by him, by proof of his own admissions. But the proof should be such as to identify the note, as by its date, amount, name of payee and consideration; otherwise it should not be received.

*Appeal from Pike Circuit Court.*—HON. G. PORTER, Judge.

*Elijah Robinson* for appellant.

*E. T. Smith* for respondent.

NORTON, J.—This case was appealed from the probate court, and is a suit on a note of which the following is a copy, to-wit:

($100.) One day after date, I promise to pay F. J. Elgin $100 for value received of him, without defalcation or discount, bearing ten per cent. from date, and if the interest is not paid to bear the same rate of interest. This 4th day of June, 1866. (Seal.) F. J. CALLIS. On which note was the following indorsement: For value received I assign the within note on F. J. Callis to H. S. Smith, this 4th day of June, 1875. F. J. ELGIN.

Upon a trial of the same in the Pike county circuit court plaintiff obtained judgment, from which defendant has appealed to this court, and assigns for error the action of the court in receiving improper evidence, in giving improper and refusing proper instructions.

It was admitted by plaintiff, on the trial, that the signature to the note was not in the handwriting of Callis; and to prove its execution, the court, over the objection of defendant, allowed witness, Elgin, to testify as follows: I am a brother of F. J. Elgin. F. J. Callis came to my house in the spring of 1866, and asked me if I could loan him $100. I told him I could not, and he asked me if I knew where he could get it, and I told him he could get it from my brother. He asked me why I thought so, and I told him because my brother had just sold his wheat crop, and I thought he had the money. I was plowing corn at the time Callis came to my house to borrow the money. After we ate dinner, we (Callis and I) sat down and played a game of cards for amusement, and about 3 o'clock in the afternoon Callis left my house and said he was going to my brother's. Callis returned to my house next morning, and I asked him what luck he had, and he replied, "first

rate; he fixed me up all right. I could have gotten $200 if I had wanted it. I gave him my note and have ten years to pay it in." Callis then took the money out of his pocket and said, " I have counted you twice and now I will count you again," and he counted the money, and as he counted it over, I counted it also, and there was $100 of it. Another witness was permitted to testify as follows: I know F. J. Elgin and knew F. J. Callis in his life-time. In 1872, I went to Callis' house and stayed over night, and he and I were talking about his (Callis') business, and he said he was owing some little debts, and he was going to sell off his property and wind up his business and pay what he owed. He asked me how Elgin was getting along, and I told him very well, I supposed; and he said he owed Elgin $100, and Elgin held his note, and had held it for a long time, and that he ought to have paid it.

The evidence thus received is objected to on the ground that it did not tend to prove the execution of the note. When the execution of a note in suit is disputed, the admission of defendant that he executed it is always receivable in evidence to establish the fact. Such admission, however, must always relate to the note in controversy; and, as in this case, where evidence is offered of an admission by the party denying the note that he did execute a note to the party asserting its genuineness, corresponding in date and amount to the note produced, it is receivable as tending to establish the fact; especially so when the consideration for which the note is given is also stated. In these respects the case before us is unlike the case of *Shaver v. Ehle*, 16 John. 201, to which we have been cited. The admission in that case was, that defendant stated to the witness that he had given a note to one Holmes, but neither date nor amount of note was stated, and nothing by which the note sued upon could be identified as the note referred to in the admission. The subsequent case of *Palmer v. Manning*, 4 Denio 131, also relied upon by defendant follows the case of *Shaver v. Ehle*.

Smith v. Witton.

The action of the court in refusing to allow witness Elgin, who was called by plaintiff to prove the assignment on the note, to answer the following question propounded on cross-examination, viz.:   What conversation occurred between yourself and plaintiff at the time the note was assigned? is objected to as error.   The action of the court was proper, because the question should have been confined to such conversation as related either to the assignment of the note or some other matter involved in the issue on trial. Had it been so restricted it would undoubtedly have been proper.

The objections made to the instructions given for plaintiff have been answered by what has been said in regard to the reception of evidence of the admission of Callis.    Defendant asked the following instruction :   1. The jury is instructed that the plaintiff cannot recover on the note sued on, until he proves to the satisfaction of the jury by the evidence in the case, that F. J. Callis signed the note sued on himself, or that his name was thereto signed by some person by him authorized to do so, and unless this fact is proven to the satisfaction of the jury, they will find for the defendant.    This was modified by the court by striking out the words " satisfaction of," and being thus modified, was given.    There was no reversible error in this, the instruction as given being substantially the same as the one asked, the words stricken out being mere surplusage.    Judgment affirmed.    All concur.

AFFIRMED.