THOMAS J. BECKLEY v. JOSEPH EVANS ET AL., EXECUTORS, &c.

When a plaintiff sues the maker of a promissory note as the endorsee thereof, proof of the admission of such maker that he knew that the plaintiff had cashed such note for the payee of it will not amount to proof of the genuineness of the signature endorsed upon it purporting to be the signature of such payee.

---

Suit against maker of a promissory note.    The declaration alleged the making of the note by the defendant (plaintiff in error) to one Mary A. Watson, and an endorsement by her to Ezra Evans, the testator, represented in the suit by the defendants in error, being the plaintiffs in the suit below.

On error to the Supreme Court.

For the plaintiff in error, *Garrison & French.*

For the defendants in error, *Hutchinson & Beldon.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The defendants in error brought this suit upon a promissory note made by Beckley to one Mary A. Watson, and which they alleged had been endorsed by her to their testator in his lifetime. The note was drawn payable to the order of the payee, and consequently the existence of such endorsement was a fact essential to the proof of a right of recovery in the plaintiffs in the court of first instance. When the case was rested at the trial, a motion was made to non-suit, on the ground that there was an entire absence of evidence tending to show a written transfer of this instrument from the payee to the plaintiff. Whether or not this failure of proof existed, is the only question now to be decided.

The entire proof upon the point in dispute consisted in certain admissions made by the plaintiff in error to one of the defendants in error. The witness stated that he said to the defendant that he called to see him about this note, and that the defendant remarked that he knew all about the note ; that Mary A. Watson had wanted some money to go into business with her husband, and that to accommodate them he gave her this note, and that Mary and her husband " took the note to Ezra Evans (the testator) and got it cashed."

The note, when produced, was endorsed with the name of Mary A. Watson ; but the only testimony from which it could be inferred that the endorsed name was her genuine signature was the before-mentioned statement of the defendant, to the effect that the note had been taken to the testator and had been cashed by him.

Under the circumstances thus stated, we think the plaintiffs should have been non-suited at the trial. The admitted fact

that the note had been cashed did not tend, in any reasonable degree, to prove the genuineness of the endorsed name upon the paper. That signature may have been spurious, or put there by the person paying the money for the note. An admission that a note has been cashed has no greater evidential force in the way of inducing a belief of the authenticity of the names upon it than the proof of the fact that the note was cashed, and it has never been supposed that when a person takes a note and pays full consideration for it that thereby a presumption arises in his favor that the names standing as endorsers upon it are genuine. According to the theory sanctioned at the trial, an endorsee taking a note for value will make a *prima facie* case through an endorsement against the maker, by mere proof of the circumstances that he paid such value. We think such is not the law, and we also think that none of the cases cited in the brief of the counsel on the part of the defendants in error lend any countenance to such a doctrine, while there are several authorities opposed to it that are much in point. *Palmer* v. *Manning*, 4 *Denio* 131 ; *Shaver* v. *Ehle*, 16 *Johns.* 201 ; *Pentz* v. *Winterbottom*, 5 *Denio* 51 ; 2 *Wharton's Ev.* 1095.

Let the judgment be reversed.

*For affirmance*—None.

*For reversal*—The Chief Justice, Depue, Dixon, Knapp, Magie, Reed, Scudder, Van Syckel, Brown, Cole, McGregor, Paterson. 12.