# Stewart *v.* Gleason, Appellant.

*Evidence—Burden of proof—Forgery—Promissory note—Rule of court —Affidavit of defense—Admission.*

When a statute or rule of court provides that the execution of a promissory note in suit shall be taken as admitted unless it is denied by affidavit, the effect of filing such affidavit is simply to cast the burden of proof on the plaintiff; it does not raise a prima facie presumption of forgery which he must overcome, nor does it require him to furnish more evidence or a higher grade of evidence than he would be required to furnish if the defendant had simply pleaded the general issue and there were no statute or rule of court upon the subject. If he furnishes evidence which would warrant a jury in finding that the note was signed by the defendant or by some one authorized by him, or that it purports to be signed by the defendant and was delivered by him, as and for his note, to the payee named therein, the plaintiff is entitled to have the note admitted in evidence.

If the law does not prescribe more formal proof, the plaintiff in an action upon a promissory note may make out a case which he is entitled to have submitted to the jury by proof of the extra judicial admission of the defendant to the effect that the note was given by him. If the admission was noncontractual, that is if it was not made under circumstances to create an estoppel, it may be rebutted by proof that the note was not given

by the defendant, but is a forgery. But even though such evidence be adduced by the defendant still the question is for the jury; it is for them to determine whether the fact be as stated in his admission, or as stated in his testimony.

In an action on a promissory note, where the defendant denies the execution of the note, and the plaintiff offers proof that at the time he discounted the note, the paper was read to defendant and that defendant not only stated that he had given such a note, but also, referring to the paper read to him, said that it was " all right," the admission made under such circumstances of the genuineness of the note is sufficient to warrant the court in receiving the note in evidence, and in submitting the question of execution to the jury, even though the note was not actually exhibited to, and inspected by, the defendant at the time he made the admission.

Argued May 4, 1903. Appeal, No. 107, April T., 1903, by defendants, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1902, No. 95, on verdict for plaintiff in case of George W. Stewart and M. L. Stewart, trading as Stewart Brothers & Company, v. F. S. Gleason and W. G. Gleason. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a promissory note.

On a rule for a new trial McCLUNG, J., filed the following opinion by which the facts appear:

This was suit on a note against the makers, the defense being that the signature of defendants to the note was forged.

The whole question was submitted to the jury as to whether or not the signature was genuine. The defendants were given full opportunity to present their defense, and the jury was told to find for the defendants unless convinced by the evidence that the signature was genuine.

The sole question then is, was there sufficient evidence to justify the submission of this question to the jury by the court.

There were various genuine signatures submitted to the jury by the defendant, and testimony as to the genuineness, upon which, if the note was properly in evidence, the jury could find one way or the other.

The jury may regard evidence as bearing one way or the other, regardless of the party offering it, and the signature here undoubtedly looked like the genuine signatures, and the de-

fendants themselves were not able to point out very clearly wherein the difference lay. Possibly as defendants went into a defense, the verdict might be sustained on the ground that there appeared in their case sufficient to base upon it the verdict rendered. But aside from this, we think plaintiff, in his case in chief, offered sufficient to carry the note to the jury, and being there, we certainly could not give the peremptory instructions asked for by defendants, because they offered testimony on the other side.

The plaintiff did not prove the execution of the note by any one who saw either of defendants sign it, by a witness who was familiar with the signature, but in the following manner:

The note was offered to plaintiffs for discount by one Hickman, the payee and indorser. Plaintiffs, by their agent McKee, went to the telephone and called up the defendants. The answer was by one of the defendants, as proven and admitted. McKee says:

"When I called Mr. Gleason on the matter I stated the case to him; that Mr. Hickman had called to have the note discounted at our place, and I was talking for Mr. Stewart, of Stewart Brother's Company, who wanted to discount the note if the note was a satisfactory one, or if it was their note. And to make sure, I took the note out of Mr. Stewart's hands, and read the entire note to Mr. Gleason; and he said, yes, they had given Mr. Hickman a note, that they had purchased a hardware store from him in McKeesport and they had paid him—I think he said with a note—that amount; and another note for $500 was also in the transaction. Then I said to him, 'The note is all right?' He said, 'Yes, it is all right.' I turned around and repeated the conversation to Mr. Stewart as I received it from Gleason."

With this evidence of genuineness the note was admitted. There was at that time nothing to show that there was another note about which Gleason thought he was talking. There was nothing in what he said to McKee to estop defendants to make defense against the note, and the jury was so instructed plainly and emphatically.

The testimony, however, we think, was sufficient to carry the note to the jury, and, as we have before suggested, we could not withdraw it.

Defendant has referred us to cases in New York, Missouri, and Illinois. Some of these cases depend upon the fact that the note offered was not identified as the one admitted. In others, the note was not described fully or the admission was indefinite. In the present case, the testimony was that the entire note was read to Gleason, and that he answered not only that they had given such a note, but that the note was all right.

In one case the court below charged as matter of law that the note was proven, when it was a question of fact for the jury. In another the jury was reversed because the jury was told that defendant was estopped to deny the signature.

In the present case the genuineness of the signature was left to the jury under all the evidence, and they were distinctly told that there was no estoppel.

The cases cited in so far as they apply sustain the present ruling.

The jury has found that the signature to the note is genuine. The evidence made it a question for the jury, and cannot disturb the verdict.

*Errors assigned* were admitting in evidence the note upon which suit was brought, and in refusing to give binding instructions for defendants.

*J. McF. Carpenter*, for appellants.—No principle of law is more clearly stated than that an admission to be effective must be made with a full knowledge of all the facts: Cravens v. Gillilan, 63 Mo. 28; Nixon v. Palmer, 8 N. Y. 398; Palmer v. Manning, 4 Denio, 131; Sharer v. Ehle, 16 Johns. 201; Minard v. Mead, 7 Wend. 68.

*L. K. Porter*, with him *S. G. Porter*, for appellee.

OPINION BY RICE, P. J., October 5, 1903:

When a statute or rule of court provides that the execution of a promissory note in suit shall be taken as admitted unless it is denied by affidavit, the effect of filing such affidavit is simply to cast the burden of proof on the plaintiff; it does not raise a prima facie presumption of forgery which he must over-

come, nor does it require him to furnish more evidence or a higher grade of evidence than he would be required to furnish if the defendant had simply pleaded the general issue and there were no statute or rule of court upon the subject. If he furnishes evidence, which would warrant a jury in finding that the note was signed by the defendant or by some one authorized by him, or that it purports to be signed by the defendant and was delivered by him, as and for his note, to the payee named therein, the plaintiff is entitled to have the note admitted in evidence. Whether in a strict and scientific sense an extrajudicial admission is to be regarded as evidence, or "simply as the concession of a fact on which the opposite party relies to make out his case," there can be no question, that, if the law does not prescribe more formal proof, the plaintiff in an action upon a promissory note may make out a case which he is entitled to have submitted to the jury by proof of the extrajudicial admission of the defendant to the effect that the note was given by him. If authority is needed for so plain a proposition, it will be found in West Phila. Nat. Bank v. Field, 143 Pa. 473. If the admission was noncontractual, that is, if it was not made under circumstances to create an estoppel, it may be rebutted by proof that the note was not given by the defendant, but is a forgery. But even though such evidence be adduced by the defendant, still the question is for the jury; it is for them to determine whether the fact be as stated in his admission or as stated in his testimony. This is the general rule. Possibly an exceptional case might arise where, although the note was properly received in evidence upon such admission, it would be the duty of the court, in view of the overwhelming evidence of forgery adduced by the defendant, to give binding instructions in the latter's favor. But it is clearly shown in the opinion of the learned judge overruling the motion for new trial that this is not such a case. It is thus seen that the case, as it is presented here, turns upon the question raised by the second assignment of error; if that is not sustained, the others must fall with it. But, say counsel for the appellants, an extrajudicial admission is not sufficient to carry the question of the genuineness of a note in suit to the jury, nor is the admission receivable in evidence, unless it be shown that at the time the defendant made it the note was exhibited to him. He argues, and it is not

to be denied, that in permitting proof of such admission to take the place of the proof of handwriting which is usually produced there is danger of recovery upon a forged note corresponding in date, amount and other particulars with a genuine note of the same description which he may have given. It, indeed, would be a hardship, if a party admitting the genuineness of a note not exhibited to him were not permitted to show that the note in suit is a forgery, and that in making the admission he had in mind a genuine note he had given. But as we have already stated, and as the court below clearly and emphatically instructed the jury, an admission made under such circumstances is not conclusive, but is always rebuttable by proof of mistake. Thus the danger of receiving this kind of evidence is minimized, and it is within the power of the party to avoid it altogether by refusing to admit the genuineness of a note concerning which he is asked, unless the note is exhibited to him. The principal cases cited by the learned counsel in support of his contention are, Shaver v. Ehle, 16 Johns. 201, Palmer v. Manning, 4 Den. 131, and Minard v. Mead, 7 Wend. 68. In the first case there was a subscribing witness to the note. Instead of calling him to prove the signature of the maker, it was shown that the holder applied to the defendant for payment but did not show him the note, nor did he state the amount or date of it, and that the defendant answered that he had given a note to Holmes, the payee, and said he would pay it at a future day. In the second case the identification was more complete but it was held that " evidence that defendant had executed a " (the word " a " was underscored by the opinion judge) " note answering the description of the note produced on the trial, without other proof of identity, is not sufficient to submit to a jury to pass upon the question whether the defendant executed the note produced." In the third case the court gave binding instructions for the plaintiff, and it was held on review that this was error ; that even if binding instructions should not have been given the other way, the question as to the identity of the note ought, at least, to have been submitted to the jury. This is as far as the case goes upon this point. All of these cases are distinguishable from the present in their facts—Palmer v. Manning more clearly resembles it than the others—and even if we were bound to accept them as binding authority for what was

actually decided in them, we think they would not require us to hold that an admission, no matter how explicit, is insufficient to carry to the jury the question of the genuineness of a note which was not actually exhibited to, and inspected by, the defendant at the time he made the admission.    On the other hand, in Rowley v. Ball, 3 Cowen 303, where Shaver v. Ehle was distinguished, and in Pentz v. Winterbottom, 5 Den. 51, it was held that the identity of the note to which the admission in each case related was established with reasonable certainty without proof that the defendant had the note before him at the time he made the admission.    We refer to the two last cases for the purpose of showing that proof of the inspection of the note by the party making the admission is not absolutely indispensable.    In Bowen v. De Lattre, 6 Wh. 430, the suit was brought on two promissory notes against the maker.    The defendant pleaded non assumpsit, and on the trial required proof of the execution of the notes.    The plaintiff not having a witness at hand competent to prove the execution, offered in evidence for that purpose the affidavit of defense filed under the act of 1835, in which the defendant expressly stated that he gave the notes sued upon, of which copies had been filed in the cause.    This was held to be sufficient to warrant receiving the notes in evidence and to carry the question of execution to the jury.    The decision was not put upon the ground that under the statute or the rule of court proof of that fact was dispensed with by the affidavit, but upon the ground that the affidavit of defense was receivable in evidence as an admission of a party to the suit against his interest.    Surely an admission of the genuineness of a note based on the knowledge which the party obtained by reading a copy of it is of no greater probative value than an admission based on the knowledge he obtained by having the note read to him.    It seems to us that the case is directly in point.    A similar ruling will be found in Nichols v. Allen, 112 Mass. 23; and in Smith v. Witton, 69 Mo. 458, it was held, that "where evidence is offered of an admission by the party denying the execution of the note that he did execute a note to the party asserting its genuineness corresponding in date and amount to the note produced, it is receivable as tending to establish the fact; especially so where the consideration for which the note was given is also stated."

See also Hilborn v. Alford, 22 Cal. 482. We agree that not every casual statement of a party to the effect that he had given a note corresponding in some particulars with the note in suit will dispense with the ordinary proof of execution. If the note was not shown when the admission was made, an admission referring to it by the amount alone, or by the name of the payee alone, is not enough, although proof of such admission may be receivable as cumulative evidence. But in the present case the admission was not made casually or without premeditation, or under circumstances which may have induced the defendant to suppose that it would not be used against him. He was told that the plaintiffs desired to discount it, if it was the defendants' note. The note was read to him, and when the plaintiffs' agent, not content with his answer that the defendants had given such a note, pressed for a statement whether the note, evidently referring to the note he had read to the defendant, was "all right," the latter answered, "Yes, it is all right." We are of opinion that an admission, made under such circumstances, of the genuineness of a note read to the defendant, is sufficient to warrant the court in receiving the note in evidence, and in submitting the question of execution to the jury, even though the note was not actually exhibited to, and inspected by, the defendant at the time he made the admission. The facts are more fully stated in the clear and convincing opinion of the learned judge below overruling the motion for new trial. For the reasons there given, in connection with what we have said, the assignments of error are overruled and the judgment is affirmed.