[Civ. No. 3031. Third Appellate District.—January 22, 1926.]

## J. A. YATES, Respondent, v. H. E. DYER et al., Defendants; JAMES EDWARDS, Appellant.

[1] PROMISSORY NOTES — EXECUTION — FINDINGS — EVIDENCE — APPEAL.—In this action on a promissory note, the trial court's finding that all of the defendants executed said note is conclusive on appeal, where such finding is based on conflicting evidence.

[2] ID.—PLEADING—AMENDMENTS.—In such action, where on the copy of the note set out in the complaint no cross appeared after the signature of one of the defendants, the trial court did not commit error in permitting the complaint to be amended by inserting a cross after such signature.

[3] ID.—SIGNATURE—SUFFICIENCY OF.—In such action, the signature of one of the defendants made by another at the former's direction was sufficient without the mark of such defendant.

---

(1) 4 C. J., p. 883, n. 33.   (2) 8 C. J., p. 954, n. 99.   (3) 8 C. J., p. 107, n. 11, 12; 36 Cyc., p. 451, n. 28.

APPEAL from a judgment of the Superior Court of Modoc County. F. M. Jamison, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

1. See 2 Cal. Jur. 921.
3. See 19 Cal. Jur. 822; 3 R. C. L. 921.

J. T. Sharp for Appellant.

Oscar Gibbons for Respondent.

THE COURT.—The plaintiff brought this action to recover the amount of a promissory note alleged to have been executed by the defendants. The answer admits that defendants Dyer and St. John executed the note, but denies that the defendant Edwards executed the same. The court found that all of the defendants executed the note and entered judgment against all of them for the amount due thereon. The defendant Edwards has appealed from the judgment.

[1] The plaintiff testified as follows: "Q. Do you know who signed the name of James Edwards there on this note? A. Mr. Dyer signed it by direction of Mr. James Edwards. Q. Do you know who made the cross there at the end of the name of Mr. Edwards on this note? A. Mr. Edwards made it. Q. Were all three of these defendants present when these names were signed on this note? A. They were. Q. Was the note read over in the presence of Mr. James Edwards and the other defendants? A. It was. Q. Was this cross made before or after the name of James Edwards was signed by Mr. Dyer? A. I told Mr. Edwards to hold his hand on the pen while Mr. Dyer signed it, as that would make it legal that way, and so he did; and after the signature was completed, then I says, 'Now you take your pen and make your cross there,' and so he did that." Dyer denied that he signed Edwards' name to the note. Edwards and St. John also denied plaintiff's statements as to the signature of Edwards. Dyer wrote his own name and that of Edwards in the presence of the court for the purpose of comparison. The court's finding on this conflicting evidence is conclusive on appeal.

[2] On the copy of the note set out in the complaint no cross appeared after Edwards' signature. The court permitted the complaint to be amended by inserting a cross after Edwards' signature. It was not error to permit the amendment.

While Dyer signed his own name as one of the makers of the note he did not sign it as a witness to Edwards'

signature. Appellant contends that "this omission is fatal to the contention that the note was legally executed by mark." **[3]** The signature was sufficient without the mark. (Civ. Code, sec. 3100; 19 Cal. Jur. 822, 36 Cyc. 451; *Hilborn* v. *Alford,* 22 Cal. 482; *Harris* v. *Harris,* 59 Cal. 620; *In re Walker,* 110 Cal. 387 [52 Am. St. Rep. 104, 30 L. R. A. 460, 42 Pac. 815]; *Phillips* v. *Sanger Lumber Co.,* 130 Cal. 431 [62 Pac. 749]; *Curtin* v. *Salmon River etc. Co.,* 141 Cal. 308 [99 Am. St. Rep. 75, 74 Pac. 851]; *In re Holloway's Estate,* 195 Cal. 711 [235 Pac. 1012]; *Pitney* v. *Pitney,* 55 Cal. App. 22 [202 Pac. 940]; note, 22 L. R. A. 297.)

The judgment is affirmed.