Filed 2/14/14   Syprasert v. Superior Court CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ARICH SYPRASERT  et al. | B253072 |
| Petitioners, | (Los Angeles County Super. Ct. No. BC527441) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| TRUCK INSURANCE EXCHANGE  et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Rolf Michael Treu, Judge.
Petition granted.

Brentwood Legal Services, LLP and Steven L. Zelig for Petitioners.

Frederick R. Bennett for Respondent.

No appearance for Real Parties in Interest.

_____

Petitioners Arich Syprasert and Boualirne Syprasert (plaintiffs in the underlying action; hereafter plaintiffs) are seeking a mandate following the order rejecting an affidavit of prejudice (Code Civ. Proc., § 170.6)[1] by Judge Rolf M. Treu. The affidavit was filed on November 21, 2013, immediately after notice that the case was assigned to Judge Treu.

On December 3, 2013, Judge Treu rejected the affidavit, finding the signature on the document not in conformity with section 2015.5[2] because counsel for plaintiff, Steven L. Zelig, authorized his secretary to sign the affidavit.

This petition was timely filed on December 13, 2013.[3]

On January 8, 2014, this court notified the respondent court that the affidavit of prejudice had been improperly rejected because it is well established law that: "If one requests another to sign a document for him and such signature . . . is acknowledged by

---

[1]     Statutory references are to the Code of Civil Procedure.

[2]     Section 2015.5 provides: "Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California."

[3]     "The determination of the question of disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding. The petition for the writ shall be filed and served within 10 days of notice to the parties of the decision and only by the parties to the proceeding." (§ 170.3, subd. (d).) The time limitation applies to all motions to disqualify, including motions seeking disqualification for cause. (*People v. Hull* (1991) 1 Cal.4th 266, 269-276.)

words or acts, that is all the law requires." (*Rich v. Ervin* (1948) 86 Cal.App.2d 386, 395.) We therefore give the respondent court notice of our intention to grant a peremptory writ of mandate in the first instance (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180) directing the respondent court to vacate its order of December 3, 2013, and accept the valid and timely filed affidavit of prejudice or to comply with the procedure set forth in *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233.

Despite the long established standard that an affidavit of prejudice filed pursuant to section 170.6 "should be liberally construed with a view to effect its objects and to promote justice" (*Eagle Maintenance & Supply Co.* (1961) 196 Cal.App.2d 692, 694-695), Judge Treu court declined to accept the timely filed affidavit of prejudice and responded to our notice, by letter, stating an argument that an attorney must sign an affidavit of prejudice "by his own hand."

We hold the argument made by the respondent court is both inapplicable and contrary to statutory and case law. Accordingly, we conclude the petition for writ of mandate must be granted.

## *DISCUSSION*

### 1. *A signature authorized by another is valid.*

It is not disputed that counsel for plaintiff authorized his assistant to execute the affidavit of prejudice (§ 170.6) seeking a judicial officer other than Judge Treu. Such an authorized signature has been recognized in the context of real estate transactions in which the statute of frauds in strictly applied. (*Rich v. Ervin, supra,* 86 Cal.App.2d at p. 395, regarding validity of signature on deed.) Further, it is established that even on a promissory note an authorized signature is recognized as valid. (*Yates v. Dyer* (1926) 76 Cal.App. 288, 290.)

In response to notice of our intended decision to direct acceptance of the affidavit of prejudice, Judge Treu provided a letter with a citation to *Stockinger v. Feather River Community College* (2003) 111 Cal.App.4th 1014 in which the issue was whether transcripts of telephone conversations between plaintiff's investigator and witnesses were

3

admissible as declarations sufficient to defeat summary judgment. Even though the witnesses verbally declared their statements to be true, *Stockinger* held the transcripts were inadmissible because there was no certification by any of the witnesses and the declarant had not subscribed the documents. The facts in *Stockinger* are substantially different in that no document in that case contained an authorized signature. Clearly, *Stockinger* is inapplicable to an affidavit executed by a person who had received the legal authority to sign the statement.

The signature on the affidavit of prejudice was made at the direction and the authority of petitioner's counsel. As such, the signature is valid and sufficient to support the affidavit. (*Rich v. Ervin, supra,* 86 Cal.App.2d at p. 395; *Yates v. Dyer, supra,* 76 Cal.App. at p. 290.) The order rejecting the affidavit of prejudice is an abuse of discretion in view of the specific mandate that the statue is to be liberally construed, with a view to effect its objects and to promote justice. (*Eagle Maintenance & Supply Co.* (1961) 196 Cal.App.2d 692, 694-695.)

2. *Prior relevant proceedings.*

Petitioner requested judicial notice of two prior appellate proceedings concerning the pattern of conduct of Judge Treu in connection with denial of affidavits of prejudice filed pursuant to section 170.6 based on what he perceived as imperfections in the affidavits. We granted judicial notice of those proceedings but, at that time, concluded those documents were more relevant to an affidavit of prejudice filed for cause (§ 170.3) rather than to an affidavit filed as a matter of right under section 170.6.

Subsequent proceedings in this matter caused this court to reconsider the relevancy issue in that the prior proceedings reflect Judge Treu's pattern of conduct in searching an affidavit of prejudice in order to find a minor hypertechnical deficiency in the document and the rejection of a timely filed section 170.6 .affidavit of prejudice. We therefore conclude the prior proceedings are relevant.

In the first appellate proceeding (B224404), Judge Treu rejected a timely filed affidavit of prejudice because the petitioners' counsel had misspelled the judge's last name. Division Eight of the Second Appellate District issued an alternative writ of

4

mandate and order directing the respondent court to vacate its order rejecting the peremptory challenge because of the misspelling of the name, to reconsider the affidavit of prejudice on the merits or, in the alternative, show cause why it should not be ordered to do so. Judge Treu selected the first alternative and vacated his original order. As a result, the petition was dismissed.

However, that did not resolve the matter; Judge Treu court again rejected that same affidavit of prejudice, on the ground that petitioner's counsel stated only a "belief" that Judge Treu was prejudiced against his clients and did not expressly assert that Judge Treu was prejudiced. This is, of course, directly contrary to the exact language in section 170.6 which requires only a statement that the party or the attorney "*believes* that he or she cannot, have a fair and impartial trial or hearing" before the challenged judicial officer. Judge Treu's action resulted in the filing of a second petition for writ of mandate (B224980); once again, Division Eight of the Second Appellate District directed Judge Treu to vacate the order rejecting the peremptory challenge, specifically holding the affidavit of prejudice satisfied the statutory requirements.[4]

In the current proceeding, Judge Treu again purports to find a technical deficiency in the affidavit of prejudice in that petitioner's counsel authorized another person to execute the affidavit. Judge Treu's repeated pattern of declining a timely filed affidavit of prejudice, of course, resulted in the filing of this petition. Even though our order of January 8, 2014 gave him the opportunity to correct his order and/or to obtain briefing as to the validity of the stated reason for rejection of the section 170.6 affidavit of prejudice by following the procedures set forth in *Brown, Winfield & Canzoneri, Inc. v. Superior Court, supra,* 47 Cal.4th 1233, Judge Treu declined to take any steps other than continuing to reject the timely filed affidavit of prejudice.

---

[4] We note that both of the prior appellate proceedings involved Steven Zelig, the attorney who represents plaintiffs in this matter.

5

3. *Standard of review.*

The Code of Civil Procedure "establishes the law of this State respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice." (§ 4.)

There is a substantial body of law specifically applying section 4 to an affidavit of prejudice filed pursuant to section 170.6, thereby establishing without doubt that such affidavit is to be liberally construed. (See, e.g., *People v. Superior Court (Cooper)* (2003) 114 Cal.App.4th 713, 718.) The only requirement is that the affidavit state a belief that the judge before whom the trial is pending is prejudiced against either the party or his attorney, or the interest of such party or his attorney so that affiant believes he cannot have a fair and impartial trial or hearing before the named judicial officer. No facts are required to be set forth supporting the charge of prejudice; the affidavit is sufficient if there is only a stated belief as to the existence of prejudice even though such prejudice may not, in fact, exist. (*Eagle Maintenance & Supply Co., supra,* 196 Cal.App.2d at pp. 694-695.)

The right to a peremptory challenge provided in section 170.6 confers a significant right upon the parties and has long been an important part of the system of due process and fair play. (*Paredes v. Superior Court* (1999) 77 Cal.App.4th 24, 36, citing *McCauley v. Superior Court* (1961) 190 Cal.App.2d 562, 567.)

Section 170.6 "is to be fairly applied so as to achieve its beneficent purpose." (*Fairfield v. Superior Court* (1963) 216 Cal.App.2d 438, 444.) An affidavit of prejudice should not be denied where the affidavit is in *substantial compliance* with the requirements set forth in section 2015.5. (*McCauley v. Superior Court, supra,* 190 Cal.App.2d at pp.5 564-565.)

Clearly, justice is not served when a litigant is penalized by a minor imperfection or by a judicial officer's overly strict and hypertechnical interpretation of the terms of a statute, especially where, as here, the law specifically states the statute must be liberally interpreted in order to achieve fairness and justice.

6

*DISPOSITION*

The petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing the respondent court to (1) vacate the order entered on December 3, 2013; (2) accept the affidavit of prejudice; and (3) immediately arrange for transfer of the entire case to a different judicial officer.

No costs are awarded in this proceeding.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

CROSKEY, J.

ALDRICH, J.

7