WITTER, Respondent, vs. THE GRAND RAPIDS FLOURING MILL COMPANY and others, Appellants.

*December 22, 1890 — January 13, 1891.*

*Corporations: Mortgages: Estoppel.*

Where a mortgage given by a corporation to secure payment of its note for money borrowed by it and used in its business, was executed by officers who owned all the corporate stock except perhaps one share, both the corporation and such officers are estopped from setting up a want of authority in the corporation to give the mortgage or in the officers to execute it.

APPEAL from the Circuit Court for *Brown* County.

Action to foreclose a mortgage given to secure the payment of a note for $10,000. Both the note and mortgage were signed, " *Grand Rapids Flouring Mill Company,* by *George A. Neeves,* President, *Wm. B. Neeves,* Secretary," followed by the individual names of *George A. Neeves* and *Wm. B. Neeves,* who, as the trial court found, signed as sureties. The seal of the corporation was also affixed to the mortgage.

The corporate stock of the defendant company consisted of 1,200 shares of the par value of $25 each, of which, at the time of the execution of the note and mortgage, the said *Wm. B. Neeves* owned 799 shares, and the said *George A. Neeves,* in his own right and as executor of Mary Neeves, deceased, owned 400 shares. One share, which had belonged to *Wm. B. Neeves,* had been transferred on the books of the company to his father-in-law, M. A. Mosher, apparently in order that there might be three stockholders and directors of the company as required by law. Mosher paid nothing for said share, but became a director of the company, together with the said *Wm. B. Neeves* and *George A. Neeves.*

Other facts are stated in the opinion. The defendants appeal from a judgment in favor of the plaintiff.

· *C. W. Briggs*, for the appellants, contended, *inter alia*, that the note and mortgage were void as to the defendant company, because executed by the president and secretary jointly, instead of being executed by the president and countersigned by the secretary. *Galloway v. Hamilton*, 68 Wis. 651. They are void, also, because executed jointly by the company and two of the directors. The joining of the officers in the mortgage is indirectly mortgaging the company's property for their own use. *Heywood v. Lincoln L. Co.* 64 Wis. 639, and cases cited; *Cook v. Berlin W. M. Co.* 43 id. 433; Morawetz, Priv. Corp. (2d ed.), secs. 516–518; *Koehler v. Black River Falls Iron Co.* 2 Black, 715.

For the respondent there was a brief by *Geo. L. Williams*, attorney, and *Gardner & Gaynor*, of counsel, and oral argument by *Mr. Williams* and *Mr. Geo. R. Gardner*. To the point that the defendant corporation, having received this loan and executed the note and mortgage to secure it, cannot be allowed to avoid liability by questioning its power to make them or showing a defective execution of the power conferred upon it, they cited *Thomas v. Citizens' H. R. Co.* 9 Am. Corp. Cas. 189; *Darst v. Gale*, 6 id. 380; *Kneeland v. Gilman*, 24 Wis. 39; *Heath v. S. L. M. & S. Co.* 39 id. 146; *Ballston Spa Bank v. Marine Bank*, 16 id. 120; *Aiken v. Marine Bank*, 16 id. 679; *Germantown F. M. Ins. Co. v. Dhein*, 43 id. 421; *Chicago & N. W. R. Co. v. James*, 24 id. 388; *Lehigh Valley Coal Co. v. W. Depere A. Works*, 63 id. 45; Bigelow, Estoppel, sec. 530.

TAYLOR, J. This is an action to foreclose a mortgage purporting to have been given by the *Grand Rapids Flouring Mill Company* to the plaintiff to secure the payment of the promissory note of said company given to said plaintiff for the sum of $10,000. The defendants *Neeves* are made parties to the action because they signed the note individually as sureties for the company. The flouring mill

company is a corporation duly organized under the laws of this state. The answer of the defendants admits the fact that the company is a corporation and was such when the mortgage was given.

Upon the trial of the action the court found in favor of the plaintiff, and ordered judgment of foreclosure, and also judgment for any deficiency which might remain after the sale of the mortgaged premises against the defendants *Neeves*. The defendants appeal from such judgment, and allege that it is erroneous, (1) because the corporation had no power under the law to give any mortgage upon its real estate; and (2) if it be admitted that the corporation had the power to execute said mortgage, it never was executed by said corporation in the manner prescribed by law.

The learned counsel for the appellants have made an argument of considerable length and force to prove that the mortgage was not regularly executed by the proper officers of the corporation, or, if executed by such officers, they were not authorized by the corporation to execute the same. Upon the admitted facts in this case it appears to us unnecessary to determine whether the officers of said corporation were or were not regularly authorized to execute said mortgage, or whether said corporation was expressly authorized by law to mortgage the property of the corporation for the purposes thereof. Upon the whole evidence in the case, we think it is very clear that these defendants, the corporation and the said *Neeves*, are estopped from setting up the want of authority to execute said mortgage.

The evidence conclusively shows that the money borrowed was borrowed to be used and was used for the purposes of the corporation; that the persons who executed the mortgage were the acting officers of the corporation; and that it was executed in the form prescribed by law. And it also appears that the persons acting as the officers of said cor-

poration, and who executed said mortgage, were the stock-
holders of the corporation, and owned all of the stock in
their individual or representative capacity, excepting per-
haps one share of the par value of $25. We have, there-
fore, the corporation in its corporate capacity and the
stockholders consenting to this loan, consenting to secure
the same by a mortgage of the real estate of the corpora-
tion, receiving the money loaned, and applying it to the use
of the corporation. Under such circumstances the corpo-
ration and its stockholders are estopped from setting up a
want of authority on the part of the corporation to execute
the mortgage, or a want of authority on the part of the
officers executing the same.

That a corporation cannot repudiate its contract when it
has received the benefit thereof, when such contract is not
expressly prohibited by law, is well settled by the author-
ities, and it is equally well settled that when the stockhold-
ers assent to such contract, and the avails of the contract
are used for their benefit, they cannot avoid such contract.
This has been so often held by the courts that it is almost
unnecessary to cite authorities to sustain the proposition.
This court has held this doctrine in *North Hudson M. B. &
L. Asso. v. First Nat. Bank*, 79 Wis. ——.[1]   See, also, *Knee-
land v. Gilman*, 24 Wis. 42, and cases cited; *Sheldon H. B.
Co. v. Eickemeyer H. B. Co.* 90 N. Y. 607, 613; Tayl. Corp.
§§ 212–214, and cases cited.   In *Hotel Co. v. Wade*, 97 U. S.
13, it was held by the supreme court of the United States
that "when the stockholders sanction a contract under
which moneys were loaned to a corporation by its directors,
and its bonds therefor secured by mortgage given, and the
moneys have been properly applied, the corporation is es-
topped from setting up that the bonds and mortgage are

---

[1] A motion for a rehearing in this case was denied February 24, 1891,
and it will be reported as of that date.— REP.

void by reason of the trust relation which the directors sustain to it."

We think the estoppel in this case is complete, and it is wholly unnecessary to determine whether the persons executing the mortgage were acting in strict accordance with the by-laws and regulations of the corporation in executing the same.

*By the Court.*— The judgment of the circuit court is affirmed.

