[S. F. No. 1668.   Department Two.—November 7, 1900.]

SARAH L. PHILLIPS, Respondent, v. SANGER LUMBER COMPANY, Appellant.

CORPORATIONS—UNAUTHORIZED NOTE—RATIFICATION.—A promissory note of a corporation, executed in its name by its president, for a valuable consideration, to another corporation of which he was also the president and a large stockholder, although not formally authorized by a resolution of the board of directors, may be subsequently ratified by the corporation so as to become a valid obligation against it. And such ratification is shown, if the transaction in connection with which the note was given is fully entered in the books of the corporation, and notice thereof thus imparted to it, and thereafter for a space of seven months the corporation takes no steps to disaffirm the note, and retains the consideration for which it was given.

ID.—NOTE TO PRESIDENT—VOIDABLE CONTRACT—RESCISSION—RETURN OF CONSIDERATION.—Where the president of a corporation has the power to execute notes in its name, a note so executed by him, for a valuable consideration moving to the corporation, in a transaction in which he has an interest adverse to it, is not void, but voidable only at the option of the corporation. The right of the corporation in such a case is merely the right to rescind, and this it cannot do without restoring the consideration for the note.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.    William R. Daingerfield, Judge.

The facts are stated in the opinion.

Charles E. Wilson, and R. E. Houghton, for Appellant.

The note in question is invalid, for the reason that one acting in a fiduciary capacity cannot take any advantage personal to himself from his administration of the subject of the trust. (Civ. Code, secs. 2230, 2234; *Farmers' etc. Co. v. San Diego etc. Co.*, 45 Fed. Rep. 527; *Wickersham v. Crittenden*, 93 Cal. 17; *Ryan v. Leavenworth etc. Ry. Co.*, 21 Kan. 397, 398; *Wilbur v. Lynde*, 49 Cal. 292[1]; *Goodin v. Cincinnati etc. Canal Co.*, 18 Ohio St. 183[2]; *Flint etc. Ry. Co. v. Dewey*, 14 Mich. 488; *Corbett v. Woodward*, 5 Saw. 404; *Bliss v. Matteson*, 45 N. Y. 26; *Abbott v. American Hard Rubber Co.*, 33 Barb. 578; Morawetz on Private Corporations, secs. 517, 518.)

Van Ness & Redman, for Respondent.

SMITH, C.—The suit was brought for the sum of two thousand dollars and interest, alleged to be due on a promissory note, of date November 30, 1895, made by the defendant to the Moore & Smith Lumber Company, and assigned by the latter to Frances J. P. Moore, and by her to the plaintiff. There was a verdict and judgment for the plaintiff, and the defendant appeals.

No claim is made by the respondent to any right of recovery as assignee beyond that vested in the original payee.   The note was signed by the president of the defendant, A. D. Moore, who was at the same time the president and a large stockholder of the Moore & Smith Lumber Company, the payee.   There was no resolution of the board of directors of the defendant especially directing or authorizing the making of the note.   The principal points urged by the appellant for reversal are (1) that the president had no power to execute the note; (2) that he was precluded by his interest in the Moore & Smith Lumber Company from dealing in the transaction; and (3)—in answer

---

[1] 19 Am. Rep. 645.                    [2] 98 Am. Dec. 95.

to the respondent's claim that the transaction was subsequently ratified—that there was no such ratification. In the view we take of the case it will be necessary to consider only the last proposition.

The note sued on, and two others made in the same transaction, were given for valuable consideration received by the defendant; and the whole transaction was entered at large in the books of the defendant, where its nature and terms fully appear. During the period of something over seven months elapsing before the bringing of the suit—though in the meantime the note was presented for payment—no objection was made to the note, nor was there any attempt or offer to rescind; nor is there any offer in the answer to restore the consideration. The position of the defendant is, in effect, that it is entitled to retain the benefits of the transaction, and to repudiate its obligations. Under no view of the case can this contention be sustained.

If Moore, as president, had the power to execute the notes, it was not affected by the interest he had in the Moore & Smith Lumber Company, the payee. A trustee or fiduciary is, indeed, forbidden by section 2230 of the Civil Code to take part in any transaction in which he, or one for whom he acts as agent, has an interest adverse to that of his beneficiary; and by section 2234 for him to do so is a fraud against the beneficiary of the trust. But assuming, though not deciding, that the case comes within the scope of these provisions, they do not affect the power to execute the contract, where otherwise it exists, but only the contract itself after it is executed; that is to say, they do not make the contract void, but voidable only at the option of the beneficiary, who may either affirm or repudiate it. (*Wickersham v. Crittenden,* 93 Cal. 29.) The right of the beneficiary in such cases is, therefore, merely the right to rescind; and to effect this he must restore the consideration. He cannot retain the benefits of the transaction and repudiate its obligations. (Civ. Code, sec. 1691.) If, therefore, after knowledge of the transaction he does not elect to terminate the contract, he must be regarded as ratifying and confirming it. (Civ. Code, secs. 1588, 1589.)

Nor will the result be changed if we assume that there was

no authority originally for the execution of the note. An agency may be created by subsequent ratification as well as by precedent authority (Civ. Code, sec. 2307); and where an oral authorization would suffice for conferring an agency, it will be ratified by accepting or retaining the benefit of the act with notice thereof. (Civ. Code, sec. 2310.) The case here comes clearly within these provisions. Oral authority is sufficient to create an agent to execute a note or notes (1 Daniel on Negotiable Instruments, sec. 274); and this is equally true in the case of corporations as of natural persons. (Waterman on Corporations, sec. 30; *Greig v. Riordan,* 99 Cal. 322; *Crowley v. Genesee Co.,* 55 Cal. 273.) The transaction in this case was fully entered in the books of the defendant, and notice thus imparted to it. (1 Waterman on Corporations, 480; *Holden v. Hoyt,* 134 Mass. 184.) After such notice it retained the consideration of the transaction, and thus accepted its benefits. It must therefore be held to have ratified the transaction.

There are numerous points made by the appellant's counsel, which we have examined in detail, but, otherwise than as involved in the points above considered, they may be regarded as immaterial.

I advise that the judgment and order appealed from be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., McFarland, J., Temple, J.