[Sac. No. 999.   Department Two.—December 11, 1903.]

R. A. CURTIN, Respondent, v. SALMON RIVER HYDRAULIC GOLD MINING AND DITCH COMPANY, Appellant.

CORPORATIONS—INVALID EXECUTION OF NOTE AND MORTGAGE—RATIFICATION.—Where a note and mortgage of a corporation were both invalid because not authorized at a meeting of the board of directors duly assembled, the requirements of the law for ratifying the note and the mortgage are essentially different. The mortgage can only be authorized or ratified in writing in conformity with law; but authority to execute the note may be oral, and its execution may be ratified by acts *in pais.*

ID.—FACTS SHOWING RATIFICATION OF NOTE—ESTOPPEL IN PAIS.—Where the transaction of the note and mortgage was fully entered upon the books of the corporation, notice of the note was imparted to it; and where, with such notice, it received and retained the benefits of the loan evidenced by the note, and with knowledge,

and by long-continued silence, acquiesced in the contract, and never attempted or offered to rescind it, nor to restore the consideration, it must be held to have ratified the note, and an estoppel *in pais* is raised by its conduct to dispute the enforcement of the note against it.

ID.—SEPARATE ACTION UPON NOTE—JUDGMENT IN FORECLOSURE SUIT NOT A BAR.—A judgment in a former suit to foreclose an invalid mortgage, which failed because the security was held to be void, is not a bar to a separate action on the note, in which the note is shown to have been ratified by the conduct of the corporation.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. Joseph H. Budd, Judge presiding.

The main facts are stated in the opinion of the court rendered in the foreclosure suit, *Curtin* v. *Salmon River etc. Co.*, 130 Cal. 345.[1] Further facts as to ratification of the note sued upon are stated in the opinion of the court in this case.

J. P. O'Brien, for Appellant.

The note was absolutely void, for want of a quorum to act upon the resolution, exclusive of the interested director to whom it was given. (*Curtin* v. *Salmon River etc. Co.*, 130 Cal. 345, 349;[1] *Bassett* v. *Fairchild*, 132 Cal. 637.) It was also void because given to a director. (Civ. Code, secs. 2229, 2230; *San Diego* v. *San Diego etc. Ry. Co.*, 44 Cal. 106; *Andrews* v. *Pratt*, 44 Cal. 317; *Wilbur* v. *Lynde*, 49 Cal. 290;[2] *Davis* v. *Rock Creek etc. Co.*, 55 Cal. 359;[3] *Shakspear* v. *Smith*, 77 Cal. 640;[4] *Smith* v. *Los Angeles etc. Assn.*, 78 Cal. 289;[5] *Finch* v. *Riverside etc. Co.*, 87 Cal. 601; *Wickersham* v. *Crittenden*, 93 Cal. 29; *Sims* v. *Petaluma Gas Light Co.*, 131 Cal. 659.) The judgment in the foreclosure suit is a bar to the present action. (*Reed* v. *Cross*, 116 Cal. 484; *Freeman* v. *Barnum*, 131 Cal. 386.[6])

J. B. Curtin, for Respondent.

A note by an agent of any principal or corporation may be authorized orally. (1 Daniel on Negotiable Instruments,

[1] 80 Am. St. Rep. 132.
[2] 19 Am. Rep. 645.
[3] 36 Am. Rep. 40.
[4] 11 Am. St. Rep. 327.
[5] 12 Am. St. Rep. 53.
[6] 82 Am. St. Rep. 355.

sec. 274; 1 Parsons on Bills and Notes, p. 101; 1 Waterman on Corporations, sec. 30; *Greig* v. *Riordan,* 99 Cal. 322; *Crowley* v. *Genesee Co.,* 55 Cal. 273.) Where an oral authorization is sufficient to create an agency, the agency will be ratified by accepting or retaining the benefit of the act, with notice thereof. (Civ. Code, sec. 2310; *Bensiek* v. *Thomas,* 66 Fed. Rep. 104; *Mills* v. *Boyle Mining Co.,* 132 Cal. 95, 98; · *Phillips* v. *Sanger Lumber Co.,* 130 Cal. 431; *Seeley* v. *San Jose Independent Mill etc. Co.,* 59 Cal. 23, 25.) The only point determined in the former suit to foreclose the mortgage was the invalidity of the security, which prevented a foreclosure. The question of the ratification of the note was not in issue, and was not passed upon in that suit. (*Curtin* v. *Salmon River etc. Co.,* 130 Cal. 345.[1]) The law of the case does not apply where the facts are different. (*Heidt* v. *Minor,* 113 Cal. 385.)

HENSHAW, J.—This was an action upon a promissory note executed by the corporation to Thomas W. Wells, one of its directors, and by him assigned after maturity to plaintiff herein. An action was prosecuted by this plaintiff to foreclose a mortgage given by the corporation to secure the note. The decision of this court upon that action will be found reported in the 130th volume of our Reports, at page 345. That opinion contains all of the facts pertinent to the present consideration. It was there held that the mortgage was void. But while the note and the attempted mortgage were executed at the same meeting of the board of directors, and were thus both voidable at the election of the corporation, the requirements of the law for validating such an instrument as a mortgage are essentially different from those pertaining to the like validation of a promissory note. Thus, in *Curtin* v. *Salmon River etc. Co.,* 130 Cal. 345,[1] above quoted, it is pointed out that a mortgage to be effective must be made by the board of directors. But, under the provisions of the act of 1880, the consent of two thirds of the stockholders is requisite to its validity. The stockholders are thus made a component part of the power to make a mortgage effective, but cannot by any act of their own make a mortgage or validate one that has

---

[1] 80 Am. St. Rep. 132.

not been previously authorized and executed by the board of directors. The authorization to execute a mortgage must be in writing (Civ. Code, sec. 2309), while authority to execute a note may be oral. (1 Daniel on Negotiable Instruments, sec. 274.) The law touching the validation of a promissory note irregularly issued by a corporation, and invalid in its execution, is set forth in *Phillips* v. *Sanger Lumber Co.,* 130 Cal. 431, a case in principle almost identical with the one under consideration. There, as here, the action was upon a promissory note invalid in its execution; there, as here, the plaintiff claimed a ratification; there, as here, the corporation received the benefits of the loan evidenced by the note; there, as here, with knowledge, and by long-continued silence, acquiesced in the contract, and never attempted or offered to rescind; and there, as here, there is in the answer of the corporation no offer to restore the consideration. This court, in holding that the corporation was bound by its specific contract under the doctrine of ratification, said: "Nor will the result be changed if we assume that there was no authority originally for the execution of the note. An agency may be created by subsequent ratification, as well as by precedent authority (Civ. Code, sec. 2307); and where an oral authorization would suffice for conferring an agency, it will be ratified by accepting or retaining the benefit of the act with notice thereof. (Civ. Code, sec. 2310.) The case here comes clearly within these provisions. Oral authority is sufficient to create an agent to execute a note or notes (1 Daniel on Negotiable Instruments, sec. 274); and this is equally true in the case of corporations as of natural persons. (Waterman on Corporations, sec. 30; *Greig* v. *Riordan,* 99 Cal. 322; *Crowley* v. *Genesee Co.,* 55 Cal. 273.) The transaction in this case was fully entered in the books of the defendant, and notice thus imparted to it. (1 Waterman on Corporations, 480; *Holden* v. *Hoyt,* 134 Mass. 184.) After such notice it retained the consideration of the transaction, and thus accepted its benefits. It must therefore be held to have ratified the transaction."

This language, *mutatis mutandis,* is directly applicable to the case at bar. It would, perhaps, be more technically accurate to say that an estoppel *in pais* was raised by the

conduct of the corporation against the enforcement of the note, rather than that it had formally ratified it. (*Blood* v. *La Serena L. and W. Co.,* 113 Cal. 221.) But as the legal effect is the same, it can here matter but little by what name it be called.

Except for this ratification or for this estoppel, it is unquestionably true that plaintiff could not enforce the contract evidenced by the promissory note, since it would in no sense have been the contract of the corporation. And in such cases, as the authorities all hold, the recovery of the plaintiff must be, not on the express contract, which is invalid or void, but for money had and received, *quantum meruit, quantum valebat,* or *indebitatus assumpsit,* as the facts may warrant. But here the cause of action is directly upon the promissory note originally invalid, but made valid by the conduct of the corporation. Such an action is itself sustainable under all of the authorities dealing with like facts. We have already cited *Phillips* v. *Sanger Lumber Co.* as being directly in point. There may be added from our own state, *Underhill* v. *Santa Barbara,* 93 Cal. 306; *San Diego* v. *Pacific Beach Co.,* 112 Cal. 61; *Illinois Trust etc. Bank* v. *Pacific Ry. Co.,* 117 Cal. 332; *Gribble* v. *Columbus Brewing Co.,* 100 Cal. 71; and *Blood* v. *La Serena L. and W. Co.,* 113 Cal. 221; and elsewhere reference may be made to *Bensiek* v. *Thomas,* 66 Fed. 104; *Witter* v. *Grand Rapids Flour Mill Co.,* 78 Wis. 543; *Hotel Co.* v. *Wade,* 97 U. S. 13; *Union Pacific Ry. Co.* v. *Chicago, etc.,* 51 Fed. 326.

It is further contended that by reason of plaintiff's former action to foreclose the mortgage, and his failure therein, by reason of the decision against the validity of the mortgage, he is estopped from prosecuting this action, and that the former judgment is a bar. It is to be noticed, however, that the decision itself in the former case limits its applicability strictly to the question of the mortgage lien, saying: "Whether the defendant would be estopped from contesting the claim of the plaintiff to recover the moneys advanced to it by him is not here involved. The plaintiff seeks by this action the sale of the defendant's property in payment of the note held by him, but unless the defendant has created a lien upon the property, the plaintiff cannot maintain the present action

for compelling its sale.'' The question there presented was one addressed to equity for the foreclosure of an alleged lien created upon real property. In an action to foreclose a mortgage the mortgaged premises constitute the primary fund out of which the debt is to be paid, and a personal judgment can only follow after the exhaustion of the security. The effect of that decision is, that there was not, and never had been, any security for the promissory note. In the present action the plaintiff seeks enforcement of the contract evidenced by a promissory note which is not, and never was, secured. That he is entitled to prosecute such an action, even though an abortive attempt was made to give security, is decided in *Powell* v. *Patterson,* 100 Cal. 236, where the plaintiff brought suit to foreclose a mortgage which was void. There was pretended security, but in fact no security at all, and this court held that as the mortgage sought to be foreclosed was void and of no effect, the plaintiff was entitled to a personal judgment upon the note. If in that case it was permissible for the court, in an action brought specifically to foreclose a mortgage, to declare the security void and still render a personal judgment for the amount of the note, no reason can be perceived why a plaintiff in a separate action at law upon the note alone should not be entitled to his recovery.

In conclusion, it may be said that if the ruling of the court in refusing to strike out certain parts of plaintiff's complaint was technically erroneous, it worked no possible injury to the defendant. The evidence was sufficient to establish knowledge and acquiescence upon the part of the corporation and its members.

The judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.