[Civ. No. 1268.   Second Appellate District.—March 5, 1913.]

HENRY P. GOODWIN, Respondent, v. THE CENTRAL BROADWAY BUILDING COMPANY (a Corporation), Appellant.

CORPORATIONS—LIABILITY FOR SERVICES OF ATTORNEY EMPLOYED BY PRESIDENT.—Where the president of a corporation employs an attorney and the corporation receives and accepts the benefits of his services, it is liable for the reasonable value thereof, although the president was not authorized by the directors to employ the attorney.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Albert M. Norton, and Wellborn & Wellborn, for Appellant.

Edwin A. Meserve, for Respondent.

ALLEN, P. J.—The action is by an assignee to recover the value of certain legal services alleged to have been rendered by plaintiff's assignor to defendant at defendant's

special instance and request. The answer denied the aver-
ments of the complaint. The court found that defendant
employed plaintiff's assignor as an attorney to perform legal
services; that the same were performed, were of the value of
two thousand dollars and remained unpaid, and that the
assignment to plaintiff was regular. Judgment followed in
plaintiff's favor, from which, and a subsequent order deny-
ing a new trial, defendant appeals.

The transcript discloses evidence upon plaintiff's part
tending to show these facts: Defendant corporation was the
owner of certain real estate in the city of Los Angeles. A
proceeding was instituted by the city of Los Angeles to open
an alley, which affected defendant's premises. One Isaac
Norton was defendant's president and employed plaintiff's
assignor to appear as an attorney and contest such proceed-
ings. Authority from the board of directors in this regard
is not shown. Norton as president was present at the trial
during all of the proceedings and assisted therein. While
the proceedings resulted in an order to open the alley, it also
appears that an award of compensation and damages satis-
factory to defendant was made. Thereafter proceedings
were instituted to vacate the award and dismiss the proceed-
ings. In this matter plaintiff's assignor appeared and acted
for defendant at the instance and request of defendant's
president, who was also shown to have been present during
all of the proceedings. The proceedings were dismissed.
Whether we consider the large awards satisfactory to the
corporation defendant or the subsequent dismissal of the
proceedings through which the corporation's original con-
tention was sustained, the effect is that the corporation ac-
cepted and received the benefits of the action and of the
attorney's services. Section 1589 of the Civil Code provides:
"A voluntary acceptance of the benefit of a transaction is
equivalent to a consent to all the obligations arising from it,
so far as the facts are known, or ought to be known, to the
person accepting." The supreme court of California in con-
struing this section has said, in *Gribble* v. *Columbus Brew-
ing Co.*, 102 Cal. 71, [34 Pac. 529]: "And where, with full
knowledge of all the facts involved, a principal reaps the
fruits of the unauthorized contract of his agent, and for
some time yields acquiescence to its provisions, he will be

deemed to have ratified it, and will be estopped, as against one who has fully performed the contract on his part, from repudiating it to the injury of the latter. And this doctrine applies to corporations equally with individuals." As to the requisite notice sufficient under the section above referred to, it is said in *Balfour* v. *Fresno Canal, etc. Co.,* 123 Cal. 397, [55 Pac. 1063]: "The president of a corporation is a proper person to whom notice, which is to affect a corporation, is to be given. . . . The president is considered the head of the corporation, and it is his duty to report to the trustees information affecting the interests of the corporation. And the presumption is that he does so." (Approved in *Montecito Valley Co.* v. *Santa Barbara,* 144 Cal. 597, [77 Pac. 1113].) The evidence presented by the record as to the employment is conflicting. The learned trial judge accepted as true plaintiff's testimony, and under the established rule this is binding upon an appellate court when reviewing the question of the sufficiency of the evidence to support the findings. This action is not brought upon a special contract, as was the case of *Pacific Bank* v. *Stone,* 121 Cal. 202, [53 Pac. 634], and other authorities cited by appellant, and the rule discussed in such cases with reference to a special contract alleged is not here involved, this action being upon a *quantum meruit.*

We find no prejudicial error in the record, and the judgment and order are affirmed.

James, J., and Shaw, J., concurred.