[Civ. No. 7164. Second Appellate District, Division One.—April 7, 1932.]

EARL S. PATTERSON, Respondent, v. REALTY HOLDING CORPORATION OF CALIFORNIA (a Corporation), Appellant.

Halverson & Halverson for Appellant.

Patterson, Bailey & Montgomery and Charles C. Montgomery for Respondent.

YORK, J.—This is an action wherein plaintiff seeks to recover for legal services rendered to the defendant corporation. The answer admits the services, but denies that they were rendered at defendant's instance and request or at the instance and request of any duly authorized officer or agent of the defendant, and alleges that any services ren-

dered by plaintiff were contracted for by one W. Douglas Lee in his individual and personal capacity.

The court found the reasonable value of the services rendered by plaintiff to be the sum of $6,500, upon which defendant had paid the sum of $938.90 on account, leaving a balance due of $5,561.10, for which amount judgment was given, and from which the defendant now appeals.

Appellant contends that the findings are not supported by the evidence and specifies certain errors in the admission of evidence. The finding as to the services which were rendered by plaintiff is as follows:

"IV.

"That the services constituted the organizing of the defendant corporation; in qualifying the defendant corporation in the State of California and securing various permits from the Commissioner of Corporations in the State of California; in drawing and engrossing various leases, papers, documents, contracts and other instruments in writing and in meeting and consulting with the Board of Directors and Executive Committee and counseling and advising said bodies; in interposing a defense to a certain suit brought against said defendant; in holding conferences with the officers and Executive Committee of the defendant corporation relative to the incorporation of a certain corporation to succeed the defendant in his business and in preparing Articles of Incorporation for said succeeding corporation, which Corporation was to be known as The Los Angeles Merchants Exchange Building Company."

After a careful check of the record in this case, we are convinced that there is sufficient evidence to support each finding made by the trial court, and that the defendant corporation was in no way prejudiced by the introduction of any of the evidence complained of.

The defendant corporation was incorporated by W. Douglas Lee and his associates under date of November 27, 1927; the services for which plaintiff seeks remuneration were rendered between the dates of September 1, 1927, and December 1, 1928. As was found by the court, these services included the work required in the organization of the corporation. Immediately upon its incorporation, W. Douglas Lee was elected president of the corporation and also a member of the board of directors. As such president he

procured the services of an attorney, and the corporation having received and accepted the benefits of the services rendered by such attorney, is liable for the reasonable value thereof, even though the president was not formally authorized by the directors to employ the attorney. (*Goodwin* v. *Central Broadway Bldg. Co.*, 21 Cal. App. 376 [131 Pac. 896]; *Burns* v. *Valley Bank*, 94 Cal. App. 254 [271 Pac. 107]; Civ. Code, sec. 1589.)

The judgment is affirmed.

Conrey, P. J., and Tappaan, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 2, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1932.