[Civ. No. 6991.   Third Dist.   Jan. 27, 1944.]

J. A. WALDTEUFEL, Appellant, v. E. P. SAILOR, Respondent.

Charles Kasch for Appellant.

H. G. Crawford for Respondent.

ADAMS, P. J.—Plaintiff herein sued defendant, E. P. Sailor, for a balance alleged to be due plaintiff on account

of a commission claimed to have been earned by plaintiff as a real estate broker in effecting a sale of certain land owned by defendant and his brother. Plaintiff relied upon a writing, signed by defendant, E. P. Sailor, only, dated September 27, 1940, by the terms of which defendant authorized plaintiff to sell all or portions of said land, and agreed to pay plaintiff a commission of five per cent on any price defendant might accept for same. Plaintiff alleged that he had secured a purchaser for two different portions of said land who had entered into written contracts with defendant at a total purchase price of $17,108, and that defendant accordingly became indebted to plaintiff for commissions in the sum of $855.40, only $200 of which had been paid.

Defendant answered, admitting the execution of the written contract alleged by plaintiff and the securing by plaintiff of a purchaser as alleged by him, but set up, as a separate defense, that on or about December 5, 1940, defendant and plaintiff had agreed that the total sum to be paid plaintiff for his commission on said sales was to be the sum of $1,000, but that said sum was to be paid as follows: $100 out of the down payments made by the purchaser, Johnson, and the balance out of installment payments provided to be paid by Johnson, and then only if and when said installment payments were made by Johnson, and not otherwise. Defendant also alleged payment to plaintiff of $200 out of the down payment and one installment payment made by the vendee, but further alleged that no other installment payments had been made. He also alleged that the agreement of December 5th was agreed to be substituted for the agreement of September 27th, and that plaintiff had ratified and confirmed such substitution.

The cause was tried before the court which made findings that one Larkin J. Younce, a real estate broker, who was associated with and employed by plaintiff in his real estate business, had, while acting as agent for and with the authority of plaintiff, obtained from defendant the authorization to sell contained in the listing agreement of September 27th, and that thereafter Younce as such agent had secured one Johnson as a purchaser; that on December 5th Younce, acting as agent for plaintiff, and acting within the scope of his authority, agreed with defendant, E. P. Sailor, and with Charles W. Sailor that plaintiff should be paid $1,000 as commission on the two sales to Johnson, said sum to be paid in part out of the down payments, the balance to be paid out of installments

received from Johnson, but only if and when said installment payments were made by the purchaser. It was further found that Johnson had made only the down payment and one installment payment, that defendant and his brother had paid to plaintiff the amount of commission due him from said payments, that plaintiff had accepted said payments, and had paid Younce one-half thereof as his agreed share of the commission for his services, that plaintiff, on December 5th, had knowledge of all of the terms of the agreement between Younce and the Sailors prior to any payments on account of commissions, that he accepted $100 on account of same on December 5th, and $100 thereafter, and that he never repudiated any of the acts of Younce, but ratified and confirmed same.

Judgment for defendant followed.

On this appeal it is contended by appellant that the evidence does not prove the affirmative defenses set up by respondent; but we are of the opinion that there was ample evidence to sustain the findings of the trial court. While the written memorandum of September 27th appointed plaintiff as the agent of E. P. Sailor to sell the real property, the whole transaction was carried on by Younce, who, under his arrangement with plaintiff, was authorized to act in such matters, and was to receive one-half of the commissions earned. Younce found the purchaser, and also made the second agreement of December 5th for a commission of $1,000, on the sales to Johnson, payments of same to be made only out of payments as and when made by Johnson. Plaintiff was fully informed as to all of these matters, made no objection to them, and accepted the sums paid in three different checks, only one of which was signed by E. P. Sailor. He made no demand for the payment of the sum of $855.40, all of which would have been due to him immediately under the original agreement. That he considered the agreement of December 5th as the one in effect is evidenced also by the fact that when, in 1941, he sold his real estate business to Younce and another, the "Agreement and Escrow Instructions," signed by plaintiff, referred to the "E. P. and C. W. Sailor and John S. Johnson contract," thus indicating a recognition on plaintiff's part of the oral agreement.

The sufficiency of the evidence and the inferences to be drawn therefrom were matters for the determination of the trial court, and as its conclusions find support in the evidence, they will not be disturbed on appeal.

It is argued by appellant that the written contract of September 27th could not be modified by parol; that there was no cancellation, modification or alteration of that agreement, and that any subsequent agreement, being oral only, was not binding upon plaintiff. Conceding the general principle that a written contract cannot be modified by parol, appellant nevertheless recognizes that a written contract may be modified by an oral agreement which has been fully executed (Civ. Code, sec. 1698). But he argues that the oral agreement relied upon by respondents was not fully executed, as plaintiff received only $200. But appellant overlooks the fact that under that oral agreement the commission was to be paid only if, as and when payments were made by Johnson, and that the evidence establishes that Johnson failed to make payments other than the down payment and one installment payment and then abandoned his contracts, and that the $200 received by plaintiff was the full amount of commission due on the payments made by Johnson and received by defendants. Therefore, the oral agreement was fully performed.

As for a contention by appellant that Younce, as his agent, had no authority to modify the original written listing agreement, or enter into a new one, this was a question of fact to be determined by the trial court (*State Finance Co.* v. *Hershel etc. Co.*, 8 Cal.App.2d 524, 527-528 [47 P.2d 821]), as was the question of ratification (*Harris* v. *Seidell*, 1 Cal. App.2d 410, 413-414 [36 P.2d 1104]; *Currier* v. *Oakland Association*, 131 Cal.App. 371, 374 [21 P.2d 462]); and both questions were resolved against plaintiff. If Younce had exceeded his authority in the premises it was the duty of plaintiff to repudiate his acts as soon as he was informed of them. This he failed to do, and his ratification might, therefore, be implied (*Ralphs* v. *Hensler*, 97 Cal. 296, 303 [32 P. 243]).

Also, a written agreement which is not to continue for any definite time may be abrogated by an oral agreement, and the provisions of section 1698 of the Civil Code do not apply; and when parties agree to new terms and conditions, the effect is to terminate a prior written agreement (*Klein Norton Co.* v. *Cohen*, 107 Cal.App. 325, 331 [290 P. 613]); and an agreement to so abandon or rescind such a contract may be inferred from the acts of the parties (*Treadwell* v. *Nickel*, 194 Cal. 243, 259 [228 P. 25]). Furthermore, one may be estopped by his conduct from relying upon a written contract (*Wilson* v. *Bailey*, 8 Cal.2d 416 [65 P.2d 770]).

There is evidence in this case sufficient to support the conclusion that Younce had authority to enter into the agreement of December 5th, or, if he exceeded his authority in that respect, that plaintiff subsequently ratified his acts and accepted the benefits of the later contract, such as they turned out to be. The evidence is also sufficient to support a conclusion that plaintiff agreed to an abandonment of the written agreement of September 27th, and that, by his subsequent conduct, he estopped himself from relying thereon.

The judgment is affirmed.

Schottky, J. pro tem., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 23, 1944.