[Sac. No. 5671.   In Bank.   July 6, 1945.]

CHARLES F. VANCIEL et al., Plaintiffs, v. HUBERT G. KUMLE et al., Appellants; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent.

Bush & Ackley for Appellants.

T. B. Scott, G. D. Schilling and Kenneth M. Johnson for Respondent.

TRAYNOR, J.—Plaintiffs brought this action to recover royalties from defendants Hubert and Donald Kumle, Leon Brier and Placer Properties Company, lessees, under the terms of a mining lease. To secure a loan of $25,000 plaintiffs assigned all royalties due or to become due from the lessees to the Bank of America National Trust and Savings Association. The loan was made by the Oakdale branch of the bank in conjunction with other mining operations in which both plaintiffs and defendants were interested. The bank was made a party defendant to the action. The lease provided that the lessees pay advance royalties of $200 per month and be credited for such payments when royalties accrued. After defendants had received written notice of the assignment and agreed in writing to pay all royalties to the bank, they made fourteen monthly payments to plaintiffs of advance royalties aggregating $2,800, the last in April, 1941. This action was begun in February, 1942, and came to trial in June, 1942. Not until the close of the evidence did the bank file a pleading entitled "Plea for Moneys Unlawfully Paid to Vanciel After Assignment, to Conform to Proof" in which it protested for the first time the advance royalties paid to plaintiffs. The trial court found that T. C. Smethers, the manager of the Oakdale branch of the bank, consented to the first payment and by failing to object, acquiesced in the remaining ones, but that none was made with the knowledge or consent of the head office. The court also found that Smethers was not authorized to waive the payments to the bank, although defendants acted in good faith in the belief that he was. The court entered judgment in favor of the bank against defendants in the sum of $4,731.85, which included the $2,800 that defendants had previously paid to plaintiffs. Defendants appeal from that part of the judgment awarding the bank the latter sum.

Defendants contend that Smethers had ostensible authority to waive the payments and that in any event the bank

subsequently ratified his conduct. Defendants knew that Smethers had no authority to make loans in excess of $5,000 and that the head office of the bank consented to the loan of $25,000 only on condition that it be secured by an accepted assignment of the royalties involved in the present action. In March, 1941, Smethers admittedly received from defendants a statement setting forth that twelve payments of advance royalties had been made to plaintiffs. His testimony indicates that he reported that fact to the head office of the bank. At about that time national bank examiners made an examination of the Oakdale branch. Excerpts from their reports criticizing the loan here involved were sent from the head office to Oakdale and returned to the head office with comments of the branch manager. A few days later the manager of a San Francisco branch of the bank, Andrew Rocca, who in 1939 had investigated the loan on behalf of the bank, was again sent to Oakdale. After that visit Smethers prevailed upon defendants to agree to an increase in their payments of advance royalties from $200 to $500 a month for a period of ten months. The lease was modified accordingly and defendants subsequently made ten payments of $500 each to the bank. On April 3, 1941, Smethers wrote Rocca that the $500 would include the $200 that defendants had previously been paying plaintiffs and that he would insist that plaintiffs reimburse the bank for the money that they had received. The settled statement on appeal, which defendants elected to use in lieu of a reporter's transcript, does not indicate whether the correspondence between Smethers and the head office following the visit to Oakdale of the national bank examiners disclosed to the head office the fact of defendants' payments to plaintiffs. Rocca, however, acquired that information on his trip to Oakdale and the letter that he subsequently received from Smethers confirmed that information. The knowledge of Rocca, an agent acting within the scope of his authority, is the knowledge of his principal. (*Hunter* v. *Watson,* 12 Cal. 363 [73 Am.Dec. 543]; *Chapman* v. *Hughes,* 134 Cal. 641 [58 P. 298, 60 P. 974, 66 P. 982]; *Iverson* v. *Metropolitan Life etc. Co.,* 151 Cal. 746 [91 P. 609, 13 L.R.A.N.S. 866]; *Bogart* v. *George K. Porter Co.,* 193 Cal. 197 [223 P. 959, 31 A.L.R. 1045]; *Shamlian* v. *Wells,* 197 Cal. 716 [242 P. 483].)

The evidence thus shows without conflict that for more than a year before it raised the question the bank was aware

of defendants' payments to plaintiffs. The bank's passivity under such circumstances is tantamount to assent to the acts of its agent. (*Ralphs* v. *Hensler,* 97 Cal. 296, 302-303 [32 P. 243] ; *Pacific Vinegar etc. Works* v. *Smith,* 152 Cal. 507, 511 [93 P. 85] ; *Ford* v. *Lou Kum Shu,* 26 Cal.App. 203, 211 [146 P. 199] ; *Bank of America* v. *Perry,* 41 Cal.App.2d 133, 141 [106 P.2d 53] ; *Gaine* v. *Austin,* 58 Cal.App.2d 250, 260 [136 P.2d 584] ; *Waldteufel* v. *Sailor,* 62 Cal.App.2d 577, 581 [144 P.2d 894].) Moreover, the bank knew that Smethers had obtained from defendants the agreement to increase the subsequent payments to "put the loan in better shape." Defendants obviously would not have agreed to that increase had the bank at that time objected to the payments previously made to plaintiffs. By procuring their agreement Smethers confirmed his consent to these payments. The agreement as to future payments and the consent to payments made in the past are so closely related that the bank cannot at the same time retain the benefits of the former and deny that it ratified the latter. "A ratification can be made . . . by accepting or retaining the benefit of the act, with notice thereof." (Civ. Code, § 2310; *Phillips* v. *Sanger Lumber Co.,* 130 Cal. 431 [62 P. 749] ; *Curtin* v. *Salmon River etc. Co.,* 141 Cal. 308 [74 P. 851, 99 Am.St.Rep. 75] ; *Gardner* v. *City of Glendale,* 45 Cal.App. 641 [118 P. 307] ; *Patterson* v. *Realty Holding Corp.,* 122 Cal.App. 402 [10 P.2d 174] ; *Transmarine Corp.* v. *R. W. Kinney Co.,* 123 Cal.App. 411 [11 P.2d 877] ; see 1 Cal.Jur. 773.)

In view of our decision that the bank ratified Smethers' approval of the fourteen payments to plaintiffs, it is unnecessary to consider other contentions made by defendants.

That part of the judgment appealed from is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.